**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26417-ALTMAN**

**EPSON PAEZ-CHACON**,

*Petitioner*,

*v.*

**MARKWAYNE MULLIN**, *et al.*,

*Respondents.*
_______________________________________/

**ORDER**

Our Petitioner has filed a Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], alleging in the main that the Respondents revoked his order of supervision ("OSUP") "without complying with the mandatory procedures governing . . . revocation." *Id.* at 4.[1] To that end, the Petitioner claims that the Respondents "seek[ ] to remove [the] Petitioner to an unspecified third country without providing meaningful notice and opportunity to access the protections required pursuant to 8 U.S.C. § 1231(b)(3) and its implementing regulations." *Id.* at 27. Specifically, our Petitioner contends that, in violation of 8 C.F.R. § 241.4(l)(1), the Respondents failed "to notify [him] of the reasons for revocation and, after his return to custody, promptly afford him an initial informal interview at which he could respond to those reasons." *Id.* at 32; *see also id.* at 33 ("On the presently available record, Respondents have not established the changed-circumstances and reasonably-

[1] The Petitioner also appears to raise a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See, e.g.*, Petition at 31 (contending that his "continued detention . . . violates procedural due process under the Fifth Amendment"). But, as the Respondents correctly note, any such claim is "premature" because the "Petitioner has been in ICE ERO custody since August 26, 2026," Response to Order to Show Cause [ECF No. 8] at 3, and the Petitioner "does not dispute that . . . his renewed detention has not exceeded six months," Reply in Support of Petition [ECF No. 9] at 2.

foreseeable-removal determination required by § 241.13(i)(2). Nor did Respondents provide the prompt informal interview required by § 241.13(i)(3).").

The Respondents maintain that the "OSUP revocation was lawful and in compliance with the applicable regulations." Response to Order to Show Cause (the "Response") [ECF No. 8] at 6. They explain that they *did* provide the Petitioner with "notice, an informal interview[,] and an opportunity to address the reasons for the revocation." *Ibid.*; *see also ibid.* ("In fact, Petitioner was afforded an informal interview on August 26, 2026[,] and given formal notice of his revocation on the same day." (citation omitted)). And they append to their Response (among other things) a declaration from the officer who (we're told) conducted the interview. *See* Villegas Declaration [ECF No. 8-8] at 2. That declaration states that "[t]he interview lasted approximately 3 to 5 minutes"; that Villegas "explained to [the] Petitioner that his OSUP was being revoked because ICE ERO had determined that it is appropriate to enforce the removal order entered against him, as ICE has the ability and means to effectuate his removal"; that "the Petitioner was provided with an opportunity to respond to the reasons for the revocation of release"; that the "Petitioner was asked if he had any questions or anything to say in favor of his release"; that the "Petitioner stated that he did not want to speak without an attorney present and declined to sign any documents"; and that the "Petitioner also did not provide a written statement or any documents." *Id.* at 2–3.

Our Petitioner disputes aspects of those events. He "acknowledges the [August 26, 2026] encounter but denies refusing to participate or requesting counsel." Reply in Support of Petition (the "Reply") [ECF No. 9] at 3. As the Petitioner sees it, "the officer merely asked whether he had questions, without *inviting* him to contest revocation or present evidence." *Ibid.* (emphasis added). What's more, the Petitioner says, "the Notice of Revocation was already stamped 'Refused to Sign' when presented to him, although no officer had asked him to sign it." *Id.* at 6. And yet, by the Petitioner's *own* account, Villegas "handed [him] the notice," "spoke with [him] for approximately

three minutes," "told [him] that ICE knew [he] had been granted withholding of removal to Venezuela but that ICE intended to remove [him] to another country," and "asked [him] whether [he] had any questions." Petitioner Declaration [ECF No. 9-1] at 4–5. The Petitioner further confirms that he "answered that [he] did not" have questions for Villegas, *id.* at 5, and never disputes that the Notice of Revocation with which he was presented stated that "[y]our release has been revoked" because "[i]t is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal," Notice of Revocation [ECF No. 8-6] at 1.[2]

Even if Villegas never "invited" the Petitioner to submit evidentiary findings, Reply at 3, we see no factual dispute here over whether the Respondents afforded the Petitioner notice of his revocation and a prompt initial interview. Accordingly, we cannot say, as the record stands, that the Respondents violated § 241.4(l)(1). We therefore **DENY** the Petition, **DENY as moot** the Emergency Motion [ECF No. 10], and direct the Clerk of Court to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 31, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

[2] Our Petitioner tells us that, on July 22, 2022, ICE rescheduled his check-in appointment due to "inclement weather" but that the Respondents now claim that he "violated his O[SUP] by failing to report to ICE on July 22, 2022." Reply at 4–5. But our Petitioner himself concedes that the "Notice of Revocation neither identified that alleged violation nor selected it as a ground for revocation." *Id.* at 5. And the Petitioner doesn't dispute that the Respondents wield the discretion to terminate an OSUP when they deem it "appropriate to enforce the removal order entered against [someone when] ICE has the ability and means to effectuate [a] removal." Notice of Revocation at 1.